UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOWNMAN URGENT HEALTHCARE                          CIVIL ACTION
CLINIC, INC. D/B/A DR. GODWIN C. OGBUOKIRI

VERSUS                                             NO: 06-8701

ZURICH NORTH AMERICAN INSURANCE                    SECTION"T"(1)
COMPANY AND XYZ INSURANCE CARRIERS

<u>ORDER AND REASONS</u>

Before the Court is Defendant's Motion for Partial Summary Judgment.  Rec. Doc. 28.

Plaintiff filed an Opposition.  Rec. Doc. 37.  The matter came for hearing without oral argument on

April 30, 2008, and was submitted on the briefs.  The Court, having considered the record, the

memoranda and arguments of the parties, the law and applicable jurisprudence is fully advised in

the premises and ready to rule.

I.      BACKGROUND

Defendant, Maryland Casualty Insurance Company ("MCC"), issued a commercial property

policy to Plaintiff for property located at 4543 Downman Road in New Orleans, Louisiana.  The

policy describes Plaintiff's interest as a tenant.  During Hurricane Katrina, the property sustained

damage and Plaintiff sought coverage.  MCC denied coverage.

This action ensued.  Plaintiff alleges, *inter alia*, that prior to Hurricane Katrina an insurance

agent who worked with Independent Insurance Associates, Inc., and represented as well as identified himself as the agent for Defendant, sold Plaintiff an insurance policy covering "everything." According to Plaintiff, "everything" meant that the medical facility and its contents, including all medical equipment, were fully insured. After Hurricane Katrina, Plaintiff states he was advised that he had limited coverage totaling one dollar for the medical facility building and that his medical equipment was not covered due to a Medical Professional Equipment Endorsement that provides for no coverage for damage to the equipment caused by water.[1] Plaintiff alleges that he paid premiums believing, based upon the agent's representations, that both his medical facility and the medical equipment were fully covered. He asserts that MCC is liable for the misrepresentations and fraudulent acts of the agent in not communicating the alleged inadequate coverage.

MCC filed the instant Motion arguing that the agent who worked with Independent Insurance Associates, Inc., was not its agent, but rather a broker. Thus, any alleged negligence and/or fraud committed by the broker is not imputable to MCC. Second, MCC urges that the only viable agency theory Plaintiff may rely upon is that of apparent authority; however, that theory has no validity in this case because the undisputed facts show that there was no manifestation by MCC to Plaintiff that the agent had any authority to act on its behalf. Thus, any reliance by Plaintiff on the agent's representations is not reasonable.

Plaintiff counters: (1) that the agent for Independent Insurance Associates, Inc., made

---

[1]MCC previously filed a Motion for Summary Judgment requesting the Court find that there was only one dollar in coverage for the medical facility building and that the Medical Equipment Endorsement precluded coverage for damage caused by flood. The Court granted the summary judgment on the issue of whether the building coverage limit was one dollar. Rec. Doc. 25 at p. 5. The Court also granted summary judgment on the issue of whether the Medical Professional Equipment Endorsement excluded coverage in those circumstances where medical equipment was destroyed by flood. The Court did not decide whether or not the Endorsement applied to the facts of this case because no evidence was presented on what caused damage to the Plaintiff's medical equipment.

repeated requests to sell him insurance and assured him that everything was included under the policy; (2) that there is no doubt that the agent of Independent Insurance Associates, Inc., perpetrated fraud on the Plaintiff when the insurance policy was sold; and (3) that MCC benefitted from the fraudulent transaction of Independent Insurance Associates, Inc. *See* Rec. Doc. 37. Plaintiff requests the Court deny the Motion.

## II.    LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56 (c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 912-13 (5th Cir.).  When the moving party has carried its burden under Rule 56( c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).  Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.* at 588.

There is a distinction between insurance agents who are employed by an insurance company to solicit risk and effect insurance for that company, and insurance brokers, who solicit insurance

from the public generally, under no employment from any particular company, placing the insurance with any company selected by the insured or, failing such selection, by the broker himself. *Boyter v. Blazer Const. Co., Inc*., 505 So.2d 854, *860 -861 (La. App. 2nd Cir. 1987). The issue of whether a person is an agent or a broker depends mainly on control. *Thibodeaux v. Lumberman's Mutual Casualty Company*, 448 So.2d 888 (La.App. 3rd Cir.1984). Whether a broker in any particular transaction acts as the agent of the insured or of the insurer, is a question of fact dependent upon the circumstances of the case. *Foster v. American Deposit Insurance Company,* 435 So.2d 571 (La. App. 3rd Cir.1983).

In *Security Transfer Company v. Insured Lloyds Company*, 225 So. 2d 284 (La. App. 4th Cir. 1969), the court found that an insurance agency was nothing more than a broker placing insurance and as such was acting as the agent of the insured and not as the agent of insurer. Therefore, the agency, as opposed to the insurer, was liable for any negligence to the plaintiff. In *Karam v. St. Paul Fire & Marine Ins. Co.* 265 So.2d 821, 822 -823 (La. App. 3rd Cir. 1972) *aff'd by* 281 So. 2d 728 (La. 1973), the court found that the agent acted solely as a broker or intermediary in procuring the policy of insurance for the insured. Therefore, the agent's negligence in failing to specify the correct limits of liability in applying for the policy which he procured for the insured was not imputable to the insurer and thus, the insurer was not liable for the loss which plaintiff sustained.

MCC contends that Plaintiff's claim against it for actions taken by Independent Insurance Associates, Inc. must be dismissed because Independent Insurance Associates, Inc. is a broker for MCC, not its agent. In support, MCC relies on the affidavit of Tom Kaye, a representative for MCC, who attests: (1) that MCC does not employ agents and/or brokers in the state of Louisiana; (2) that Independent Insurance Associates, Inc. is not an employee, agent, representative or mandatary of

MCC; and (3) that MCC never manifested or represented to Plaintiff that Independent Insurance Associates, Inc. was its employee, agent, representative or mandatary. *See* Exhibit "D" attached to Doc. Rec. 28-9.

The evidence submitted by MCC is uncontradicted by Plaintiff. MCC has shown that it did not employ agents in this State. Moreover, MCC submitted uncontradicted evidence that the agency responsible for selling Plaintiff insurance was likewise not an agent, employee, or representative of MCC. Accordingly, the Court finds that Plaintiff has failed to show the agent was anything other than a broker and has failed to show an agency relationship existed between MCC and Independent Insurance Associates, Inc.

Since Plaintiff cannot rely on an actual agency relationship, his last hope is that he can prevail on the doctrine of "apparent authority" in order to defeat the Motion for Partial Summary Judgment. In order for the doctrine of apparent authority to apply, Plaintiff must first show that the principal acted to manifest the alleged agent's authority to an innocent third party. Second, the third party must rely reasonably on the manifested authority of the agent. *Sheriff Boulos v. Lou Morrison DBA Alejandro*, 503 So. 2d 1, 3 (La. 1987). A third party seeking to benefit from the doctrine of apparent authority may not blindly rely upon the assertions of an agent. He has a duty to inquire into the nature and extent of the agent's power. *Id.* at 7; *see also Buckley v. Woodlawn Development Corp.*, 233 La. 662 (1957).

Plaintiff fails to raise this theory in any pleading. Further, while MCC addresses the theory in its memorandum, Plaintiff fails to offer any evidence showing MCC manifested to Plaintiff in any way, that Independent Insurance Associates, Inc., had authority to act for MCC. In fact, Plaintiff's Opposition acknowledges:

> The Insurance Agent, who identified himself as the agent for Zurich of North American, identified as Independent Insurance Associates, Inc. came to this office and was overzealous and anxious to sell him some insurance policy. The defendant's agent was so persistent and determined to Dr. Ogbuokiri the policy of insurance that he told and assured him that everything including the building was covered under the policy, which he had wanted to sell.

*See* Rec. Doc 37 P.1. This statement affirms that Plaintiff relied only upon the statements made by an agent for Independent Insurance Associates, Inc., and never relied on any assertions made by MCC. Accordingly, Plaintiff fails to meet the first requirement needed to trigger the doctrine of apparent authority, namely a representation by the principal, here MCC.

Plaintiff's claim that MCC is barred by the doctrines of unclean hands, estoppel, fraud, and detrimental reliance is rejected as he does not offer any authority to support such theories.

Plaintiff has failed to come forward with competent summary judgment evidence to support his claim that Independent Insurance Associates, Inc. was the agent of MCC and therefore, liable for its fraudulent and/or negligent acts.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Maryland Casualty Company's Motion for Partial Summary Judgment (Rec. Doc. 28) is **GRANTED.**

New Orleans, Louisiana this 16th day of June, 2008.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**